IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VICTOR HUGO CISNEROS NEGRETE,
ROCIO HERMINIA GUTIERREZ-GARCIA,

      Petitioners,               No. CIV S-06-2713 MCE GGH P

  vs.

SECRETARY OF U.S. DEPARTMENT
OF HOMELAND SECURITY, et al.,

      Respondents.            FINDINGS AND RECOMMENDATIONS

_____/

        Petitioners, proceeding with counsel, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. On April 19, 2007, respondent's motion to dismiss for lack of jurisdiction came on for hearing. Petitioners were represented by Steven Brazelton, appearing pro hac vice;[1] Assistant U.S. Attorney Audrey Hemesath appeared for respondent.

        Following oral argument, counsel were directed, within twenty calendar days of the hearing, that is, on or before May 9, 2007, to file simultaneous supplemental briefing, considering the ramifications for the pending motion of the recently decided Ninth Circuit panel decision, Ramadan v. Gonzales, 479 F.3d 646 (9th Cir. 2007).

---

[1] See, Order, filed on December 6, 2006.

<u>Petition</u>

Petitioners are subject to a final administrative order of removal, dated October 5, 2006, and therefore in the custody of the federal government, U.S. Department of Homeland Security, Bureau of Immigration and Customs Enforcement, citing <u>Park v. California</u>, 202 F.3d 1146, 1148 (9th Cir. 2000). Petition, p. 2. Averring that this court has jurisdiction under 28 U.S.C. § 2241 to consider petitioners' claims, relying on <u>Magana-Pizano v. INS</u>, 200 F.3d 603 (9th Cir. 1999), petitioners seek to raise constitutional claims with regard to the Board of Immigration Appeal's (BIA) decision denying their motion to re-open to consider a new claim for cancellation of removal. Id. Citing <u>Fernandez v. Gonzalez</u>, 439 F.3d 592 (9th Cir. 2006), petitioners allege that the Ninth Circuit Court of Appeals does not have jurisdiction to address constitutional claims raised by petitioners by way of a petition for review because the issues implicated herein relate to petitioners' ability to meet the hardship requirement for cancellation of removal. Id.

Petitioners are Mexican nationals who married in Mexico in 1988. Petition, p. 3. Petitioner Victor Hugo Cisneros Negrete (hereafter, petitioner Negrete) entered the United States "without inspection" in 1989, and has resided in the U.S. since that time. Id. Petitioner Rocio Herminia Gutierrez Garcia (hereafter, petitioner Garcia) entered this country in 1991, also illegally, and has resided in the U.S. since that time. Id. Petitioners have three children, the oldest two of whom were born in Mexico in, respectively, 1988 and 1991. Id. The youngest child, Herbert Cisneros-Gutierrez (hereafter, Herbert) was born in the U.S. on June 17, 1997. Id.

Removal proceedings against petitioners commenced on or about March 11, 2002, pursuant to the Immigration and Nationality Act (INA), sections 239-240, 8 U.S.C. §§ 1229-1229a, on service upon each petitioner of a Notice to Appear. Id. Respondents applied for Cancellation of Removal for Non-Permanent Residents, pursuant to INA section 240A(b), 8 U.S.C. § 1229b. Id.

\\\\\

1          On or about May 3, 2005, at the conclusion of a hearing before an Immigration
2   Judge (IJ) to consider petitioners' applications for Cancellation of Removal, the IJ denied the
3   applications, ruling that petitioners had not demonstrated that their removal would result in
4   exceptional and extremely unusual hardship to Herbert, petitioners' child who is a U.S. citizen.
5   Petition, pp. 3-4.  Upon petitioners' timely appeal of the IJ's decision to the Board of
6   Immigration Appeals (BIA), the decision was adopted and affirmed, on or about April 20, 2006.
7   Id., at 4.
8          Thereafter, on or about May 25, 2006, a physician diagnosed Herbert with
9   attention deficit hyperactivity disorder (ADHD).  Id.  In Matter of Monreal, 23 I&N Dec. 56, 63
10  (BIA 2001), the BIA found that the exceptional and unusual hardship standard for cancellation of
11  removal could be met for a child with "compelling special needs in school."  Id.
12         On or about June 16, 2006, petitioners, based on the ADHD diagnosis, filed a
13  timely motion to Re-Open Removal Proceedings with the BIA, pursuant to INA section
14  240(c)(6), 8 U.S.C. § 1229a(c)(6).  Id.  By an order issued on or about October 5, 2006, the BIA
15  denied petitioners' motion, ruling that petitioners had not met their burden to show new evidence
16  sufficient to make out a prima facie case of exceptional and extremely unusual hardship to
17  Herbert, noting that the motion did not show that Herbert's ADHD was "so severe that it would
18  cause significant problems at home or at school" or that "respondents' son could not receive
19  treatment for his ADHD in Mexico."  Petition, pp. 4-5.
20         Subsequently, petitioners have continued to receive evidence relating to Herbert's
21  medical condition, as they seek assistance for Herbert in the U.S., with regard to the effect his
22  ADHD will have on his ability to receive educational benefits; the medical treatment, special
23  education services, etc., that Herbert needs to receive meaningful educational benefits; the effect
24  of his relocation to Mexico with respect to meaningful educational benefits for him; and
25  availability to him of treatment and special educational services, etc., in Mexico.  Petition, p. 5.
26  \\\\\

Petitioners cite <u>INS v. St. Cyr</u>, 533, U.S. 289, 121 S. Ct. 2271 (2001), for their claim of a violation of due process rights under the Fifth and Fourteenth Amendments by the BIA's denial of their motion to re-open. Petition, pp. 5-6. Petitioners aver that the BIA decision denying the motion to re-open violated their due process rights in requiring a conclusive showing of hardship in contravention of its own precedent, quoting In re L-O-G, 21 I&N Dec. 413, 418-419 (BIA 1996).[2] Id., at 6. Petitioners were compelled to move to re-open before fully developing all the evidence in support of their claim in light of their pending removal and the 90-day time period for filing such a motion. Id., at 7. Petitioners should have been permitted the opportunity to further develop their claim at a plenary hearing on re-opening. Id.

Petitioners seek an order remanding petitioners' deportation proceedings to the BIA for remand to the IJ to consider petitioners new evidence in support of their cancellation of removal application. Petition, pp. 7-8. If petitioners have been deported prior to a ruling in this court, petitioners seek an order requiring the U.S. Department of Homeland Security to parole petitioners into the U.S. Id., at 8.

<u>Motion to Dismiss</u>

Respondent moves for dismissal of this case for lack of jurisdiction on the ground that, pursuant to the REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, § 106, review of a final order of removal is available only through a petition for review to the appellate courts. Motion to Dismiss (MTD), p. 2. Pursuant to § 106(a), amending portions of § 242 of the INA, 8 U.S.C. § 1252, a petition for review to the courts of appeal is the exclusive means of review of an administrative order of removal, deportation or exclusion. Id. Petitioner's challenge to the denial of a motion to re-open, rather than the original removal order, is not apposite, because a

---

[2] "[W]here, as in suspension cases, ruling on a motion requires the exercise of judgment regarding eligibility for the relief sought, the Board historically has not required a conclusive showing that, assuming the facts alleged to be true, eligibility for relief has been established. Rather, we have been willing to re-open 'where the new facts alleged, when coupled with the facts already of record, satisfy us that it would be worthwhile to develop the issues further at a plenary hearing on reopening.'"

4

review of the petition would require review of the merits of the underlying proceeding, and a grant would be to re-open removal proceedings and halt removal of the petitioners. Id. Thus, any review is available only before the Ninth Circuit. Id.

Opposition

Petitioners contend that respondents do not challenge petitioners' claim that the Ninth Circuit is without jurisdiction to address the constitutional questions raised herein because those issues relate to the petitioners' ability to meet the hardship requirement for cancellation of removal, again relying on Fernandez v. Gonzalez, 439 F.3d 592 (9th Cir. 2006), wherein the Ninth Circuit held that it had no jurisdiction to address a challenge to a finding by the BIA that no prima facie case was established on a motion to re-open which sought to present new evidence of hardship to support a previously considered application for cancellation of removal. Opposition (Opp., p. 2). Petitioners also cite Puri v. Gonzales, 464 F.3d 1038, 1041-1042 (9th Cir. 2006), for the proposition that Congress allows suspension of the constitutional right to habeas relief only if there is some alternative means for judicial review. Id., at 2-3. Because the Ninth Circuit does not have jurisdiction to consider the challenge to the BIA denial of petitioners' motion to re-open removal proceedings, this petition is their only judicial recourse and the REAL ID Act's preclusion of their habeas petition violates their constitutional right to contest the restraints on their liberty. Id., at 3.

Discussion

As respondents point out in the reply (pp. 1-5), the REAL ID Act, Pub. L. No. 109-13, 199 Stat. 231, 310-11 (amending 8 U.S.C. § 1252), signed into law on May 11, 2005, amends the INA to eliminate federal habeas corpus jurisdiction over final orders of removal. Nadarajah v. Gonzales, 443 F.3d 1069, 1075 (9th Cir. 2006).

\\\\\
\\\\\
\\\\\

The jurisdiction-stripping provision sets forth:

8 U.S.C. § 1252(a)(5) Exclusive means of review

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e) of this section. For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of Title 28, United States Code, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

To petitioners' argument that Section 106(a) of the REAL ID Act violates the constitution, respondents note (reply, p. 3) that the Suspension Clause does not require habeas review of removal orders because Congress has provided a constitutionally "adequate and effective" alternative to habeas review through the vehicle of a "petition for review," available to aliens. Swain v. Pressley, 430 U.S. 372, 381, 97 S. Ct. 1224 (1977). The Ninth Circuit has found that under the REAL ID Act does not violate the Suspension Clause because Congress therein "provided an adequate substitute of habeas proceedings." Puri v. Gonzales, 464 F.3d 1038, 1041-1042. In Puri, supra, at 1042, petitioner, as do the instant petitioners, argued that the BIA "violated his due process rights by ignoring its own precedents," in that case, by not considering the additional evidence of petitioner therein of his rehabilitation. The Ninth Circuit determined that the Suspension Clause was not violated by petitioner's inability to hold an evidentiary hearing before a district court because "[t]he agency is the fact-finding body and this [appellate] court's review of the administrative proceeding is an adequate substitute for district court habeas corpus jurisdiction. See St. Cyr, 533 U.S. at 314 n. 38, 121 S.Ct. 2271."

Respondents frame the challenge to the constitutionality of the REAL ID Act as based on a determination by petitioners that there is no forum to challenge the discretionary

denial by the BIA. Respondents agree with petitioner that the BIA decision as to the hardship prong is discretionary and indeed unreviewable in the court of appeals, citing Fernandez v. Gonzales, supra, 439 F.3d 592, 596 ("A hardship determination is ordinarily discretionary, and therefore unreviewable under § 1252(a)(2)(B)(I) in petitions for review of direct appeals to the BIA, unless the petition raises a cognizable legal or constitutional question concerning that determination.")

As noted, the court asked the parties for simultaneous supplemental briefing on the question of whether the Ninth Circuit decision in Ramadan v. Gonzales, 479 F.3d 646 (9th Cir. 2007), in respondents' phrase, alters the legal landscape such that this petition should be transferred to (or otherwise proceed in) the Ninth Circuit as a petition for review because what is at issue herein is a "question of law" arising from the application of law to undisputed facts. Respondents' Supplemental Brief (RSB), p. 2. Respondents, noting that Ramadan held that the REAL ID Act allows review by the Ninth Circuit of mixed questions of law and fact, contend that the holding only clarifies that, under the REAL ID Act, a petition in the court of appeals is appropriate for challenges involving "questions of law," including applications of law to fact. RSB, p. 2, citing Ramadan, 479 F.3d at 648, 650. Respondent contends that 8 U.S.C. § 1252(a)(2)(B)(I), not at issue in Ramadan, constitutes an additional jurisdictional bar faced by petitioners herein. RSB, p. 2.

Petitioners frame the issue posed by this court as asking whether Ramadan in effect overrules Fernandez, supra. Petitioners' counsel concludes that it does not, largely, not unlike respondents, because there are different statutory provisions and facts involved in the two cases. Petitioners' Supplemental Briefing, pp. 2, 10.

Ironically, on this point of their agreement, the undersigned finds the parties to be in error. Ramadan expressly states that "Section 106 of the Real ID Act of 2005 restores our jurisdiction over 'constitutional claims or questions of law....' hold[ing] that 'questions of law,' as it is used in section 106, extends to questions involving the application of statutes or

regulations to undisputed facts, sometimes referred to as mixed questions of fact and law." 479 F.3d at 650. The instant case involves a decision rendered by the BIA based on an application of law to the undisputed facts presented by petitioners in their motion to re-open concerning their U.S. born son's ADHD. The holding of Ramadan is not limited to asylum cases, but applies to any case where the issue of removal is implicated. In considering the petition of a lawful permanent resident found removable for having committed an aggravated felony and crimes of moral turpitude who appealed, inter alia, BIA's denial of his motion to re-open on grounds of untimeliness, the court of appeal stated: "Ramadan makes clear... that even if our inquiry would entail reviewing an inherently factual dispute, appellate jurisdiction is preserved under 8 U.S.C. § 1252(a)(2)(D) so long as the relevant facts are undisputed"). Ghahremani v. Gonzales, 498 F.3d 993, 998-999 (9th Cir. 2007); see also, e.g., unpublished cases, relying on, or otherwise citing, Ramadan, supra:³ Ruiz v. Mukasey, 2007 WL 4553361 (9th Cir. Dec. 27, 2007) (remanded to BIA to reconsider petition of lawful permanent resident found subject to removal for crime of moral turpitude); (Perez Garcia v. Keisler, 2007 WL 2888994 (9th Cir. Oct. 2, 2007) (noting that while court of appeal had no jurisdiction over appeal from BIA's denial of voluntary departure, the court does retain jurisdiction to review questions of law, including application of law to undisputed facts); Marbou v. Gonzales, 2007 WL 1112616 (9th Cir. April 12 2007) ("REAL ID Act expanded this court's jurisdiction over review of removal orders against aggravated felons in 8 U.S.C. § 1252(a)(2)(D), to include review of constitutional questions and 'questions of law, including mixed questions of law and fact,'" quoting Ramadan, supra, at 648).

Petitioners' effort to proceed in district court by artfully characterizing the BIA's failure to follow its own precedent as a violation of constitutional due process is not colorable. Martinez-Rosas v. Gonzales, 424 F.3d 926, 930 (9th Cir. 2005) (finding no due process violation

---

³ Unpublished Ninth Circuit decisions may be cited commencing with decisions issued in 2007. Ninth Circuit Rule 36-3. Although still not precedential in the binding sense, the unpublished decisions do have a certain amount of persuasive value, and indicate how Ninth Circuit judges apply binding precedent.

where challenge is not to denial of full and fair hearing before an impartial adjudicator or other basic due process right, but only that the IJ erred in finding that she did not meet the exceptional and extremely unusual hardship standard, a claim of abuse of discretion over which appellate court had no jurisdiction).

As observed earlier, the present case proceeds on undisputed facts; only the application of law to those facts is disputed. This § 2241 petition, filed after enactment of the REAL ID Act of 2005, must be dismissed from this court. Iasu v. Smith, ___ F.3d ___ *4-5 (2007 WL 4394434) (9th Cir. Dec. 18, 2007) (§ 2241 habeas petition filed in district court after May 11, 2205 "must be dismissed; it can be neither entertained nor transferred").

Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss for lack of jurisdiction, filed on March 7, 2007, be granted and the petition be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 02/04/08

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
negr2713.mtd